# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT EVANS,<br><br>Defendant. | Case No. 16-20292<br>Hon. Terrence G. Berg |

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 77)

### I. Introduction

In this criminal prosecution for production and possession of child pornography under 18 U.S.C §§ 2251(a), 2252A(a)(2), 2252A(a)(5)(B), Defendant has moved for rehearing (Dkt. 77) on this Court's previous denial of his second Motion to Suppress (Dkt. 75). For the reasons outlined below, Defendant's Motion for Rehearing is DENIED.

### II. Background

The Court adopts the background and facts set out in the Order of October 21, 2016 denying Defendant's first Motion to Suppress, Dkt. 42, and presents the following additional summary.

On April 14, 2016, Defendant's home and personal computer were searched for child pornography pursuant to a warrant that

1

was issued after Defendant's home IP address was discovered on a subpoenaed list of IP addresses that connected to a URL containing child pornography. Dkt. 42 at Pg ID 248. The agents performing the search found several child porn videos on Defendant's computer and asked if he wanted to explain why he possessed the material. *Id.* Defendant was read his *Miranda* rights and signed a waiver of those rights. *Id.*; *see also* Dkt. 41-3 at Pg ID 246. During that interview Defendant admitted to photographing and recording his stepdaughter—with whom he shared a home—in the shower, and to viewing other child pornography on the Internet. Dkt. 41-2 at Pg ID 242-43.

Defendant was indicted on April 21, 2016. Dkt. 12. On September 16, 2016 he filed a Motion to Suppress arguing that the evidence seized from his home and the statements he made were obtained pursuant to a stale search warrant. Dkt. 33. On October 20, 2016 a hearing was held on that motion before the Honorable John Corbett O'Meara. On October 21, 2016, Judge O'Meara denied Defendant's Motion to Suppress. Dkt. 42.

After Defendant's first suppression motion was denied, his counsel withdrew. Dkt. 46. On August 8, 2017, Defendant's newly-appointed counsel filed a second Motion to Suppress, this time arguing the warrant application and affidavit were not supported by

probable cause. Dkt. 52. The motion advanced the following claims concerning the sufficiency of the affidavit:

1) Paragraphs 9-11 alleged that Bulletin Board A—where the link to the URL that Defendant's IP address connected to was posted—was used by its members for posting and viewing child pornography, but the rest of the affidavit contained no information indicating Defendant was a member of Bulletin Board A;

2) Paragraph 16 of the Affidavit, which stated Defendant's IP address was used to "access, download, and/or attempted to download file content associated with [the] URL," made this statement based only on one visit to a URL hosted by a File Sharing Service by Defendant's IP address, and thus provided no evidence regarding whether that visit was even intentional or whether it resulted in the actual download/possession of child pornography;

3) The Affidavit's other allegations of conduct were just "generalized opinions by the Affiant" that drew a conclusion about who Defendant was (i.e., possibly a pedophile who collected child pornography) based on a single visit to a URL;

4) Paragraph 16 of the Affidavit which stated the video at the URL was forty-nine *minutes* long, is inconsistent with Paragraphs 10-11, which state the video was forty-nine *seconds* long; and

5) The allegations in the Affidavit do not support a *Leon* good faith exception.

Dkt. 52 at Pg ID 311-12.

On November 2, 2017 Magistrate Judge Anthony P. Patti held a hearing on Defendant's second Motion to Suppress. On November

3

20, 2017, he issued a Report & Recommendation (R&R) recommending denial. Dkt. 69. On December 4, 2017, Defendant submitted his objections. Dkt. 71. On December 20, 2017, Judge O'Meara accepted the R&R, overruled Defendant's objections, and denied Defendant's second Motion to Suppress Dkt. 75.

On January 3, 2018 Defendant filed this Motion for Rehearing. Dkt. 77. After the Motion for Rehearing was filed this case was reassigned to District Court Judge Terrence G. Berg who held a hearing on the motion on March 12, 2018.

### III. Standard of Review

"Generally . . . the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled, but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1 (h)(3); *see also U.S. v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)(quoting this rule as standard).

For a defect to be palpable it must be "obvious, clear, unmistakable, manifest or plain." *Cican*, 156 F. Supp. 2d at 668 (citing definitions in Black's Law Dictionary 1110 (6th ed. 1990), Webster's

4

New World Dictionary 974 (3d Ed. 1988), and Webster's New World Thesaurus 544 (Rev. Ed. 1985)).

## IV. Analysis

Defendant's overarching argument is that because there is no evidence that he was a member of, or ever visited, Bulletin Board A, which contained the URL password and download key, there is no evidence that he actually accessed the child pornography at the URL and thus no probable cause for searching his computer for that child pornography.

According to Defendant, the "palpable defect" that warrants re-hearing is that Magistrate Judge Patti and Judge O'Meara failed to properly address the omissions from the Affidavit that Defendant raised in his Motion to Suppress; particularly in light of a recent decision in a very similar case from the Eastern District of Virginia, *United States v. Reece*, No. 2:16cr104 (E.D. Va. Mar. 1, 2017). Dkt. 77 at Pg ID 768; *see also* Dkt. 58-3 (*Reece* opinion). He also argues that this failure to address the Affidavit omissions resulted in an incorrect denial of his *Franks* hearing request.

*Reece* dealt with a nearly-identical search warrant affidavit based on the same template as the affidavit in this case, which, was disseminated to Department of Homeland Security field offices as part of a nationwide crackdown on Bulletin Board A users. Dkt. 58-2 at Pg ID 481, 487-89, 491 (transcript of testimony by Department

5

of Homeland Security Special Agent Elizabeth DeJesus in *Reece* discussing the search warrant template sent to field offices as part of Bulletin Board A investigation).

The *Reece* court found the affidavit was insufficient to establish probable cause because, as in this case, it only identified one instance in which the defendant's IP address connected to the same URL shared on Bulletin Board A; it did not contain any facts indicating defendant was a member of Bulletin Board A, or that he otherwise accessed the URL through Bulletin Board A. In particular, the affidavit did not contain any facts showing the Defendant was in possession of the password and download key posted to Bulletin Board A that would actually allow him to access the child pornography at the URL. Dkt. 58-3 at Pg ID 585-86. Because the Affidavit in this case also did not contain facts showing that the Defendant had the password to access the URL, and suffered from several other key omissions that will be discussed below, Defendant argues he should have at least been granted a *Franks* hearing before his second Motion to Suppress was denied. Dkt. 77 at Pg ID 769-70.

During the March 12, 2018 hearing Defendant clarified that he believes Magistrate Judge Patti and Judge O'Meara "ignored" his arguments about the material factual misrepresentations in and

omissions from the Affidavit, and their having ignored these arguments are palpable defects that warrant re-hearing. The Court will address each of these claimed palpable defects in turn.

### a. The Affidavit only contained evidence of one click on an innocuous URL

The R&R addressed Defendant's "single click on a single URL" argument and found that "substantial evidence" established a "fair probability, and perhaps even the likelihood" that Defendant had accessed the URL through Bulletin Board A (i.e., with the username and password to download and view the child pornography content at the URL). Dkt. 69 at Pg ID 695 (citing *States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)(a warrant is supported by probable cause if there is "a fair probability given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place").

According to Magistrate Judge Patti's analysis, the Affidavit included two key facts that under a totality of the circumstances analysis created a "fair probability" that the computer with the IP address that visited the URL would contain either contraband (child pornography) or evidence of a crime (attempts to access child pornography). First, the URL was posted to bulletin Board A on October 26, 2015 with the password and download key (Dkt. 52-1 at

7

Pg ID 335-36, ¶10). Second, Defendant's IP address visited the URL at 1:00:38 a.m. on October 27, 2015 (Dkt. 52-1 at Pg ID 339, ¶¶16-17).

In other words, because the evidence showed Defendant's IP address connected to the URL shortly after it was posted to Bulletin Board A—no more than 25 hours and 38 seconds and possibly as little as 1 hour and 39 seconds—there was a fair probability that Defendant had found the link, the password, and the download key on Bulletin Board A, and then navigated to and downloaded the video at the URL on to his computer. The circumstantial evidence of the time that the URL was posted on Bulletin Board A and the close-in-time connection to that URL (a random string of letters) by Defendant's computer suggested to Judge Patti that it was likely that Defendant discovered the URL (and the password and download key) on Bulletin Board A and that was the reason why his computer went to that URL. Dkt. 9 at Pg ID 704-705. In support of this conclusion the R&R relied on three decisions of the Sixth Circuit. *United States v. Gillman*, 432 F. App'x 513, 515 (6th Cir. 2011) (IP address created a sufficient nexus between a residential address and a child pornography website); *United States v. Wagers*, 452 F.3d 534, 540 (6th Cir. 2006) (affidavit connecting an individual's IP address both to his home and to purchases of subscriptions from child pornography websites was sufficient to support probable cause for

8

searching his home); and *United States v. Lapsins*, 570 F.3d 758, 767 (6th Cir. 2009(IP address that uploaded several images of child pornography created a sufficient nexus between the illegal activity and defendant's home).

As noted above, the Court should generally not grant a motion for rehearing that presents the same issues already ruled upon "either expressly or by reasonable implication." E.D. Mich. Local Rule 7.1(h)(3). The Court has already addressed Defendant's argument that a single connection between a home computer and a URL containing child porn was an insufficient factual basis for issuing a search warrant where that URL also required a passcode to be accessed. Defendant disagrees with the reasons the Magistrate Judge and Judge O'Meara rejected this argument, and with how they applied of the fair probability standard to the information provided in the Affidavit. While Defendant's position may have a rational basis, those grounds were considered and found unpersuasive by two judicial officers. Disagreeing with the Court's ruling does not constitute a palpable defect that warrants granting Defendant's Motion for Rehearing.

### b. The Affidavit did not contain any facts indicating the child pornography at the URL was downloaded

The Court has also already addressed Defendant's argument that the language in paragraph 16 of the Affidavit did not create sufficient probable cause that pornography had actually been downloaded on to Defendant's computer. Dkt. 69 at Pg ID 705.

Paragraph 16 states that the subpoenaed File Sharing Service records "indicated that on October 27, 2015 at 01:00:38, [Defendant's IP address] was used to access, download, and/or attempted to download, file content associated with [the] URL [containing child porn]." Dkt. 52-1 at Pd ID 339, ¶ 16.

Magistrate Judge Patti concluded this language could be read as describing the Defendant's IP connection as an attempt to download. As such, whether the pornography was successfully downloaded was immaterial to whether probable cause existed to believe that the computer would contain evidence of at least an *attempt* to download the content at the URL. Dkt. 69 at Pg ID 705. An attempt to download this type of material is itself a violation of the charging statute in this case. *See* 18 U.S.C. §2252(A)(b)(1)(noting "[w]hoever violates, or *attempts* or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a)" is punishable under this chapter); 18 U.S.C. §2252(A)(b)(2)(noting "[w]hoever violates, or *attempts* or conspires to violate subsection (a)(5)" is punishable under this chapter).

10

Thus the fact that Defendant's IP address at least connected to the URL is evidence of an attempt to obtain child porn, and that provides sufficient probable cause to believe that his computer would contain evidence of violations of §§ 2252A(a)(2) and 2252(a)(5)(B). *See* Dkt. 52-1 at Pg ID 340 (indicating the search would be for evidence of these two subsections).

Regarding Defendant's argument that an attempt to visit the URL could still have been a mistaken one, the R&R concluded that it was not necessary to definitively rule out the possibility that Defendant's IP address could have accidentally navigated to the URL in order to establish probable cause that his computer was likely to contain evidence of child pornography or of an attempt to download it. Dkt. 69 at Pg ID 705 (noting whether the visit to the URL was a mistake was "more appropriately aimed at establishing reasonable doubt at trial than an issue of probable cause"). The R&R's view of the circumstantial evidence of Defendant's knowingly connecting to the URL is discussed above in subsection (a).

Again, instead of identifying a palpable defect with the Court's prior reasoning, Defendant has merely voiced a disagreement with the Magistrate Judge's conclusion and attempted to relitigate the same argument regarding "no evidence of download." Such grounds are insufficient to warrant granting his Motion for Rehearing under Local Rule 7.1(h)(3).

### c. The Affidavit contains no facts showing the user of IP address was also a Bulletin Board A member

The Court previously addressed the argument that the Affidavit contained no evidence Defendant was a member of, or ever accessed Bulletin Board A. Magistrate Judge Patti considered the "totality of the circumstances"—including that Defendant's IP address visited the URL shortly after it was posted on Bulletin Board A—and determined that while it was possible Defendant had accessed the URL innocently, it was "more probable" that he had accessed it via Bulletin Board A. Dkt. 69 at Pg ID 706.

As with Defendant's previous arguments, this is also asking the Court to rule again on something previously decided without pointing to information that "misled" the Court when it decided his suppression motion. This is likewise insufficient to support rehearing under Local Rule 7.1(h)(3).

### d. The file sharing service is available on the open internet and is a legitimate site

Finally, while the Court did not expressly address why the legitimacy of the File Sharing Site (FSS) where the URL was located did not impact the probable cause determination, this argument presents an issue already ruled upon by the Court "by reasonable implication." E.D. Mich. Local Rule 7.1(h)(3).

At the hearing Defendant argued that the FSS that hosted the URL was available on the open Internet and was a legitimate site

12

that hosted many other types of content and bore a warning that it was not to be used to post pornography—all things that differentiate the FSS from a site like Bulletin Board A. The thrust of this argument about the FSS therefore is that someone who attempted to access the URL through the FSS would have no way of knowing what type of content he had clicked on. But this is another way of re-stating an argument the Court already addressed and rejected. As discussed above, the R&R concluded that under the totality of the circumstances the possibility that Defendant mistakenly clicked on an innocuous URL, hosted on a legitimate file sharing site did not overcome the "fair probability" that the agents would find child pornography, or evidence of attempts to download child pornography, on Defendant's computer. Dkt. 69 at Pg ID 704-706.

Moreover, the Affidavit's description of the File Sharing Site—that it "offers online file hosting and sharing services." Dkt. 52-1 at Pg ID 338, ¶ 12—does not misrepresent the FSS as a child-pornography host, nor did Magistrate Judge Patti's R&R reflect any such confusion about the FSS that would amount to a palpable defect.

The Court has thus already addressed the arguments Defendant raises again in his Motion for Rehearing. He has not pointed to any portion of the R&R that indicates the Magistrate Judge was misled by errors or omissions in the Affidavit; the absence of which would have necessitated a different finding on the issue of probable cause.

13

Rather, the R&R reflects that Magistrate Judge Patti understood the facts in the affidavit just as Defendant did—the single connection to the random-character URL on a legitimate file-sharing site made shortly after that URL was posted to a child pornography online bulletin board—but concluded that these facts were sufficient to support a finding of probable cause. Neither Defendant's disagreement with this conclusion, nor that of another district court in a sister circuit on similar facts is a palpable defect justifying rehearing of this suppression issue.

### e. Request for a *Franks* hearing

Defendant also requested a *Franks* hearing to address these same "omissions" from the Affidavit. Dkt. 77 at Pg ID 771.

Defendant argues that the Magistrate Judge incorrectly treated his argument about the discrepancy between Paragraph 16 of the Affidavit which states that video at the URL was forty-nine *minutes* long and Paragraphs 10-11, which state the video was forty-nine *seconds* long as the only allegation of a false statement warranting a *Franks* hearing. Dkt. 77 at Pg ID 771.

Instead, Defendant argues, the Magistrate Judge should have considered the *Reece* testimony as evidence that the affiant in this case knew or should have known the following information, but omitted it from the Affidavit: 1) that the IP address user (Defendant) was not a member of Bulletin Board A; 2) that there was no

14

evidence the IP user (Defendant) had ever logged into Bulletin Board A; 3) that the URL content was not viewable without a password and download key; and 4) that the FSS was a legitimate site that did not permit posting of pornographic content. *Id.*

In order to obtain a *Franks* hearing Defendant needed to make a "substantial preliminary showing of two elements": 1) that the Affidavit included a false statement either knowingly and intentionally or with reckless disregard for the truth; and 2) that the ultimate probable cause determination hinged on that false statement. *United States v. Brown*, 732 F.3d 569, 575 (6th Cir. 2013).

Regarding the first and second alleged omissions, Defendant is correct that the Affidavit does not affirmatively state whether Defendant's IP address actually visited Bulletin Board A or whether Defendant was or was not a member. Instead, the Affidavit provides background on Bulletin Board A, states that the URL in this case was posted there along with a password, and then states that the URL was hosted on the FSS where Defendant's IP address attempted to access it. Because the Affidavit does not expressly state whether Defendant's IP address actually connected to Bulletin Board A, Defendant argues that the Affidavit could be read as implying that Defendant accessed the URL through Bulletin Board A (i.e. that he accessed it knowing what content it contained and with the password necessary to actually view that content).

15

But Defendant has still not met the second requirement for a *Franks* hearing: that the probable cause determination in this case "required" the improper inference that Defendant draws from this omission. If there is sufficient information in the warrant affidavit without the improper inference based on an omission, no *Franks* hearing is required. *Brown*, 732 F.3d at 575-76 (citing *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008).

As noted above, Magistrate Judge Patti reviewed the Affidavit in light of Defendant's arguments about this omission and concluded there was still a "fair probability" that Defendant's computer contained evidence of child pornography based on other facts in the Affidavit. Thus Defendant cannot satisfy the second prong of the *Franks* hearing analysis by showing that even if the Affidavit contained a false statement or omission, the probable cause determination depended on that false statement or omission. The Magistrate Judge's refusal to grant a *Franks* hearing was without any palpable defects.

As to the third alleged omission, Defendant is incorrect that the Affidavit omits information about the URL requiring a password and download key. The Affidavit notes in Paragraph 10 that the post on Bulletin Board A "contained a password and download key, which users could input to access and open" the URL. Dkt. 52-1 at

16

Pg ID 336. Similarly, in Paragraph 11 the Affidavit states that the URL filed was "encrypted" with a password. *Id*.

As to the last omission, Defendant is correct that the Affidavit does not state or otherwise indicate that the FSS was a legitimate file hosting site. As noted above the Affidavit describes the FSS in Paragraph 12 as "offer[ing] online file hosting and sharing services," and notes in Paragraph 13 that this service was used by some Bulletin Board A members to store child pornography. Dkt. 52-1 at Pg ID 337-38. This indicates only that the FSS was an accessible file sharing host that was used by some Bulletin Board A members to share unlawful content, but not that its purpose was to host such content. Compare this to the Affidavit's description of Bulletin Board A as a site "dedicated to the advertisement, distribution and production of child pornography." Dkt. 52-1 at Pg ID 335.

Considering all of the alleged omissions, it is not "obvious, clear, unmistakable, manifest or plain" that a *Franks* hearing was warranted. The denial of such a hearing was not based on any palpable defect.

V.  **Conclusion**

For the foregoing reasons, Defendant's Motion for Rehearing is DENIED.

**SO ORDERED.**

Dated: April 12, 2018     s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 13, 2018.

s/A. Chubb
Case Manager